IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERENCE K. SUMPTER, ET AL. PLAINTIFFS, | * * * | CIVIL ACTION NO. 12-717 |
| | * | JUDGE SUSAN MORGAN |
| VERSUS | * * | MAG. JUDGE ALMA CHASEZ |
| WILLIAM HUNGERFORD, JR., ET AL. DEFENDANTS | * * * | JURY TRIAL DEMANDED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION</u>
<u>PURSUANT TO FED. R. CIV. P. 12(B)(1) AND/OR TO DISMISS PLAINTIFFS' RICO</u>
<u>AND SECURITIES LAW CLAIMS PURSUANT TO FED. R. CIV. P. 12(B)(6)</u>

**NOW COME** defendants[1] who move this Honorable Court to dismiss the claims asserted

by plaintiffs pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6) for the following reasons:

On March 15, 2012, plaintiffs[2] instituted this legal action asserting various state law

mismanagement and breach of fiduciary duty claims.  In the original Complaint,[3] plaintiffs

alleged diversity jurisdiction as the sole predicate for subject matter jurisdiction.

Thereafter, defendants advised plaintiffs that diversity jurisdiction was lacking.  In

response, plaintiffs' counsel threatened to attempt to re-characterize what they had previously

---

[1] William B. Hungerford, Jr., Timothy O. Milbrath, Elizabeth R. Milbrath, Mary Hungerford, VP NOLA 1, LLC, 3200 Burgundy Street, LLC, Bartone, LLC, Bay-Algiers-JV, LLC, Bay-Bourbon-Ritas, LLC, Bay-Canal PJs, LLC, Bay-NOLA-Hospitality, LLC, Bay-NOLA-Mgmt, LLC, Bay-NOLA-Ventures-MD, LLC, Bay-One-Capital, LLC, Bay-PJs, LLC, Bay-Tulane PJs, LLC, Bay-Wow Franchise 2, LLC, Bay-Wow, LLC, Bywater Holdings, LLC, Eleanor Holdings, LLC, Noble-Franchise 1&3, LLC, Noble-Lodging-Partners, LLC, Noble Lending Holdings, LLC, NobleOutReach-NOLA, LLC, NobleOutReach, Ltd., LLC, Noble-Employees, LLC, NobleReach-NOLA, LLC, NOP, LLC, Rita's Fajitas NOLA, LLC, Rita's Tequila Bar NOLA, LLC, Timone, LLC, VP NOLA 1, LLC, VP NOLA 2, LLC, VP NOLA 2-WOW, LLC, VP NOLA Land 2, LLC, VP NOLA, LLC, NobleOutReach Original Principals, LLC, NobleOutReach, LLC, NobleRealEstate-GP, LLC, and Noble-RE-Management, LLC. The only remaining defendant in this action not represented by undersigned counsel is NobleRealEstateFund, L.P.  When the term "defendants" is used herein, it only refers to those defendants who are represented by undersigned counsel.
[2] Terence K. Sumpter, Suzette P. Lopez, Abbas Barzani, Xue Li, Chong Kee Tan, Sandra Massie, Rong Zhou, Shuhai Li, Junjie Huang, Shuangmei Ge, Seyed Abad, Atefeh Abad, Xiao Tong Zhand, Wenjie Zhan, Li Wang, Li Wei Liu, Su Fang, Tianyi Liu, Ali Fuat Cercer, Faruk Cercer, Suat Ocal, Suheyla Ocal, Yiran Deng, Rong Ma, Ming Chen, Xirui Chen, Reem Al Nasser, and Yu Lin Li.
[3] Rec. Doc. 1.

identified as garden variety state law mismanagement and breach of fiduciary duty claims as a claim under the Racketeer Influenced and Corrupt Organizations statute ("RICO"), 18 U.S.C. §1964, so they could maintain federal court jurisdiction.

As threatened, on July 23, 2012, plaintiffs moved for leave to amend their complaint to add a RICO claim.[4]  The First Amended Complaint[5] predicated jurisdiction primarily on "18 U.S.C. 1964(c) and 28 U.S.C. §§ 1331 and 1367 based upon the civil RICO claims brought herein…"[6] and "[a]lternatively" on "28 U.S.C. 1332(a)(2) based on diversity of citizenship between the parties."[7]

On August 23, 2012, defendants moved to dismiss the First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted.[8]

Plaintiffs opposed defendants' Motion to Dismiss.  In their opposition, plaintiffs did not dispute that diversity jurisdiction was lacking.  Instead, plaintiffs exclusively argued that subject matter jurisdiction existed by virtue of their RICO claim.[9]

Subsequently, the Court disqualified plaintiffs' counsel, struck plaintiffs' opposition to the defendants' Motion to Dismiss, afforded plaintiffs time to obtain new counsel, and permitted plaintiffs' new counsel to move for leave to file a second amended complaint and to amend their RICO Case Statement if they desired to do so.[10]  Notably, in its order authorizing Plaintiffs to

---

[4] Rec. Doc. 102.
[5] By the time Plaintiffs moved to amend their complaint to create federal question jurisdiction by adding a RICO claim, they had already once amended their complaint as a matter of course. Rec. Doc. 52. Thus, although Plaintiffs styled the version of the complaint filed on July 23, 2012 as a First Amended Complaint, it was, in reality, a second amended complaint.  For purposes of this motion, Defendants will refer to the version of the complaint filed on July 23, 2012 as the First Amended Complaint because that is what Plaintiffs titled it.
[6] *Id.* at ¶ 86.
[7] *Id.* at ¶ 88.
[8] Rec. Doc. 112.
[9] Rec. Doc. 128.
[10] Rec. Doc. 159.

seek leave to file a second amended complaint, the Court acknowledged that "the parties agree the Court lacks diversity jurisdiction…"[11]  Plaintiffs never disputed this statement.

On September 30, 2013, plaintiffs' new counsel filed a Second Amended Complaint.[12]  It added yet another cause of action, a securities law claim.  It also amended *out* the allegation that the Court has diversity jurisdiction over this matter and alleged instead that subject matter jurisdiction is predicated on the plaintiffs' RICO and securities law claims.  Specifically, the Second Amended Complaint states:

> 78.   This Court has federal question jurisdiction over this action, pursuant to 15 U.S.C. §78aa, which provides that the United States District Court shall have jurisdiction over civil actions brought under the Securities Act.  As Plaintiffs have alleged a violation of Section 10(b) of the Securities Act, this Court has subject matter jurisdiction over this action.

> 79.   This Court also has jurisdiction over this action pursuant to 18 U.S.C. § 1964(c) and 28 U.S.C. §§ 1331 and 1367 based upon the civil RICO claims brought herein, which arise under the laws of the United States.

> 80.   This Court has jurisdiction over this federal civil action pled herein under 28 U.S.C. § 1331.

> 81.   This Court has supplemental jurisdiction over the non-federal claims asserted herein under 28 U.S.C. § 1367, as the non-federal claims are reasonably related to the federal claims and arise out of the same transactions and occurrences.[13]

As explained more fully in the attached supporting memorandum, the Court must dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) because it lacked subject matter jurisdiction *ab initio*.  Plaintiffs have admitted as much by their actions.  And the law in the Fifth Circuit is clear that plaintiffs cannot cure this fatal defect by amending their Complaint to state new causes of action designed to create jurisdiction.  For instance, in *In re Katrina Canal Breaches Litigation*,

---

[11] Rec. Doc. 159 at p. 1.
[12] Rec. Doc. 176.  Plaintiffs chose not to amend the RICO Case Statement.  Also, while styled as a Second Amended Complaint, the pleading was actually the third amended complaint.  See footnote 5, supra.  For purposes of this motion, Defendants will refer to the version of the complaint filed on September 30, 2013 as the Second Amended Complaint because that is what Plaintiffs titled it.
[13] Rec. Doc. 176 at ¶¶ 78-81.

342 Fed.Appx. 928 (5th Cir. 2009), the Fifth Circuit explained that "an amendment may not remedy a jurisdictional defect by asserting a cause of action to serve as a statutory basis for federal question jurisdiction."

Because the Court did not have original jurisdiction over this case when it was filed and because plaintiffs' attempts to create such jurisdiction by amending their pleadings cannot succeed as a matter of law, the Court must dismiss this suit pursuant to Fed. R. Civ. P. 12(b)(1).

However, even if the law allowed plaintiffs to create jurisdiction by amending their Complaint, the Court still would have to dismiss this matter because plaintiffs have failed in their attempt to create federal question jurisdiction. Specifically, the Second Amended Complaint fails to state an actionable RICO claim because it does not allege: (1) the existence of a RICO enterprise, or (2) that each defendant engaged in racketeering activity or a pattern of such activity. Further, the Second Amended Complaint does not state an actionable claim for violation of Section 10(b) of the Securities Exchange Act because the claim plaintiffs seek to assert is time-barred.

WHEREFORE, the Defendants pray that the Court dismiss this case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Alternatively, defendants pray that the Court dismiss plaintiffs' RICO and securities law claims pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted:

ADAMS AND REESE LLP


/s/ *Elizabeth A. Roussel*
WILLIAM B. GAUDET (#1374)
ELIZABETH A. ROUSSEL (#27943)
CHRISTOPHER J. KANE (#29282)
4500 One Shell Square
New Orleans, LA   70139
Telephone:  (504) 581-3234
Facsimile: (504) 566-0210
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all

counsel of record via notice of electronic filing, email, fax or by placing same in the U.S. Mail,

properly addressed and postage prepaid, this 4th day of November, 2013.


/s/ *Elizabeth A. Roussel*